UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL KURLANSKY, HELAINE KURLANSKY, MARTIN EPSTEIN, HERBERT ENNIS, JUDITH ENNIS, MORDECAI APPLETON, HENRY KATZ, LILA KATZ, JOAN KATZ, GLENN KATZ, and JUDITH SINGER,

                        Plaintiffs,

    -against-

1530 OWNERS CORP.; MOE MARSHALL, ELLEN GERBER, KENNETH LIPKE, CAROL LICHTBRAUN, JUSTIN WIMPFHEIMER, PATRICIA DI CONSTANZO, and MARK O'NEILL, Individually and as Members of the Board of Directors of 1530 Owners Corp., and; FIRSTSERVICE RESIDENTIAL,

                        Defendants.

## DECLARATION OF HELAINE KURLANSKY PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, Helaine Kurlansky, hereby declare under penalty of perjury:

    1.    I am a plaintiff in the above-captioned proceeding and I am a resident of the Colony in Fort Lee, New Jersey, where I have been living with my husband, Paul Kurlansky, for just under two years. Paul and I reside in the Colony's South Tower in apartment PHC on the thirty-second floor. I am familiar with the facts and circumstances set forth herein. I submit this Declaration in support of Plaintiffs' Application for Preliminary Injunction.

    2.    As an observant Jew, my religious beliefs are informed by thousands of years of Jewish tradition. Part of my strongly-held religious beliefs is the primacy of *halakha*, or the Jewish legal system, which establishes a framework for my entire life. A second core element of my beliefs is *kehillah*, or community, and the importance of joining together with members of

my community to pray, study, and worship, to mourn at sad times and to celebrate in times of joy.

3. A core part of my adherence to Jewish law is my observance of the Sabbath, the Jewish day of rest, which spans from Friday evening until Saturday night. On the Sabbath, and certain Jewish holidays, many observant Jews refrain from certain activities, including the use of electronic and certain mechanical devices. For example, many observant Jews, including myself, do not press elevator buttons or use telephones on the Sabbath and certain Jewish holidays. Doing so would violate my sincerely held religious beliefs.

4. I am familiar with the fact that the Colony's service elevators are equipped with a Sabbath mode that allows the elevators to be pre-programmed to stop at certain floors, obviating the need for any button pushing. I am also familiar with the Colony's longstanding practice, in the absence of a Sabbath elevator, of assisting observant Jewish residents with the elevators on the Sabbath and certain Jewish holidays by pressing buttons for the residents—a service that my husband and I utilized, but which has now also been scuttled.

5. I am 67 years old and although I can climb stairs, it is exceedingly easier to use the elevator. I cannot climb all the flights to get to my apartment on the *thirty-second* floor.

6. My husband and I decided to move to the Colony based in part on the representations made to us by Mr. Moe Marshall, the President of the Colony's Board of Directors. My real estate broker arranged for Mr. Marshall to meet me when my husband and I were considering purchasing a unit at the Colony. On one such visit, Mr. Marshall assured me that there would soon be a Sabbath elevator in the building. Indeed, we purchased our apartment after a majority of the Colony's shareholders voted to approve the Colony's Sabbath elevator program on May 19, 2019. Mr. Marshall also explained that the longstanding building practice

of staff pushing the elevator buttons for Sabbath observers. This assurance was corroborated by direct discussions with long-standing observant Jewish residents who had benefited from this practice on a regular basis for well over a decade. Based on these assurances, we purchased our apartment at the Colony.

7. But after we moved to the Colony, the Board terminated the Sabbath elevator program and prohibited staff from assisting us. Since then, I have contributed to the cost of hiring someone from outside the Colony to assist with the elevators on the Sabbath. But this is not a suitable replacement for either the Sabbath elevator program or the prior staff assistance. The small window of time allotted does not allow my husband and me to leave our apartment other than for attending synagogue. At present, my husband and I no longer can have guests over to visit, have meals with other building residents who live on different floors, or go to other synagogue or communal events that take place at times other than those designated for prayer services. In early June there was a social event at the synagogue, held on Sabbath afternoon, which I was not able to attend because the hired assistant was not there for that later time. With the majority of our neighbors now vaccinated with the COVID vaccine and our synagogue now completely reopen, it has become increasingly more frustrating that we cannot enjoy Sabbath meals and other social gatherings together again after such a long time apart.

8. When we purchased our apartment at the Colony, we specifically purchased a larger apartment to accommodate our many family members that come to visit, including and especially on the Sabbath. With the danger of COVID subsiding as rates of vaccination increase, and with the summer months approaching, we are currently unable to resume the practice of hosting our children and grandchildren for the Sabbath. It is too difficult for our grandchildren, some that require strollers, to come visit without the ability to use a Sabbath elevator. Moreover,

without a Sabbath elevator, my family cannot come visit only to remain confined in our *thirty-second* floor apartment all Sabbath long.

9. If the Sabbath elevator were restored, my husband and I could once again attend synagogue at the time of our choosing and host family and friends—a key element of the overall Sabbath experience. We could also return to enjoying a host of other activities with friends on the Sabbath. The lack of the Sabbath elevator has negatively impacted our Sabbath enjoyment and ability to practice our religion collectively with family, friends, and community.

10. I, therefore, respectfully request that this Court grant Plaintiffs' application for a preliminary injunction.

11. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2021.

HELAINE KURLANSKY