UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

PAUL KURLANSKY, HELAINE KURLANSKY, MARTIN EPSTEIN, HERBERT ENNIS, JUDITH ENNIS, MORDECAI APPLETON, HENRY KATZ, LILA KATZ, JOAN KATZ, GLENN KATZ, and JUDITH SINGER,

                              Plaintiffs,

    -against-

1530 OWNERS CORP.; MOE MARSHALL, ELLEN GERBER, KENNETH LIPKE, CAROL LICHTBRAUN, JUSTIN WIMPFHEIMER, PATRICIA DI CONSTANZO, and MARK O'NEILL, Individually and as Members of the Board of Directors of 1530 Owners Corp., and; FIRSTSERVICE RESIDENTIAL,

                              Defendants.

---

**DECLARATION OF PAUL KURLANSKY PURSUANT TO 28 U.S.C. § 1746
IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

I, Paul Kurlansky, hereby declare under penalty of perjury:

    1.    I am a plaintiff in the above-captioned proceeding and I am a resident of the Colony in Fort Lee, New Jersey, where I have been living with my wife, Helaine Kurlansky, for just under two years. Helaine and I reside in the Colony's South Tower in apartment PHC on the thirty-second floor. I am familiar with the facts and circumstances set forth herein. I submit this Declaration in support of Plaintiffs' Application for Preliminary Injunction.

    2.    As an observant Jew, my religious beliefs are informed by thousands of years of Jewish tradition. Part of my strongly-held religious beliefs is the primacy of *halakha*, or the Jewish legal system, which establishes a framework for my entire life. A second core element of my beliefs is *kehillah*, or community, and the importance of joining together with members of my community to pray, study, and worship, to mourn at sad times and to celebrate in times of

joy.

3. A core part of my adherence to Jewish law is my observance of the Sabbath, the Jewish day of rest, which spans from Friday evening until Saturday night. On the Sabbath, and certain Jewish holidays, many observant Jews refrain from certain activities, including the use of electronic and certain mechanical devices. For example, many observant Jews, including myself, do not press elevator buttons or use telephones on the Sabbath and certain Jewish holidays. Doing so would violate my sincerely held religious beliefs.

4. I am familiar with the fact that the Colony's service elevators are equipped with a Sabbath mode that allows the elevators to be pre-programmed to stop at certain floors, obviating the need for any button pushing. I am also familiar with the Colony's longstanding practice, in the absence of a Sabbath elevator, of assisting observant Jewish residents with the elevators on the Sabbath and certain Jewish holidays by pressing buttons for the residents—a service that my wife and I utilized, but which has now also been scuttled.

5. I am 68 years old and suffer from cardiomyopathy and an irregular heartbeat, which makes extensive use of the stairs hazardous to my health. I require the elevator to get to my apartment on the thirty-second floor.

6. When my wife and I moved into the Colony, the Sabbath elevator was already in service. However, we relied on the staff to assist us with the elevator at times when the elevator was not in Sabbath mode. The staff was always very accommodating. When Sabbath elevator service was discontinued, it was actually the building staff that informed us regarding the system that had been established for elevator assistance on the Sabbath. I arranged with the building staff for assistance with the elevators when attending services at the synagogue or participating in other appropriate activities on the Sabbath – which we did every week – and we provided a tip

to the staff who assisted us. The staff was always very accommodating, and neither my wife nor I ever experienced any difficulty in coordinating with this elevator assistance. This service was no different than other services that my wife and I always tipped the staff for, such as helping with groceries or delivering packages. It is regular practice to make these requests of staff.

7. While the assistance from the building staff was welcome, after the Sabbath Elevator was put in place, our ability to leave our apartment on the Sabbath greatly improved, as all we needed to do was wait by the elevator until it came to our floor and then we could come and go as we pleased. This greatly enhanced our observance of the Sabbath.

Since the Colony's Board of Directors terminated the Sabbath elevator program in July 2020, I have been deeply unsettled by the Board's conduct.

- The Board terminated the practice of staff assistance on the eve of the Jewish high holidays without notice, and had a sympathetic staff member not alerted us that the entire staff had been instructed not to assist Sabbath observant residents with the elevators on the Sabbath and other Jewish holidays, observant Jewish residents would have been stranded on one of the holiest days of the year, unable to access our own apartments;
- Mr. Marshall repeatedly targets Sabbath observant residents during Zoom Board meetings for attempting to exercise their rights as observant Jewish shareholders, or even for questioning the actions of the Board;
- Mr. Marshall has created an atmosphere of hostility toward observant Jewish residents, which has resulted in one of my fellow observant neighbors being verbally accosted and others receiving threatening letters from fellow residents who have echoed the talking points used by Mr. Marshall during his public Zoom Board meetings;
- The Board continues to falsely assert that that there has never been a practice of staff

3

- assistance for Sabbath observant residents with the elevators;
- This unprovoked hostile attitude has left me with the fear of what the Board will do next and what retribution my wife and I will suffer should we speak up or object to its conduct;
- Consequently, I feel anxious and insecure in my own home, and do not sleep well.

8. To address the building's termination of staff assistance and the Sabbath elevator program, I have contributed to the cost of hiring someone from outside the Colony to assist with the elevators on the Sabbath. But this is not a suitable replacement for either the Sabbath elevator program or the prior staff assistance. The small window of time allotted does not allow us to leave our apartment other than for attending synagogue. At present, my wife and I no longer can have guests over to visit, have meals with other building residents who live on different floors, or go to other synagogue or communal events that take place at times other than those designated for prayer services. With the majority of our neighbors now vaccinated with the COVID vaccine, it has become increasingly more frustrating that we cannot enjoy Sabbath meals and other social gatherings together again after such a long time apart. In short, we have been severed from the very community that we sought to join by moving to Fort Lee.

9. If the Sabbath elevator were restored, my wife and I could once again attend synagogue at the time of our choosing and host family and friends—a key element of the overall Sabbath experience. We could also return to enjoying a host of other activities with friends on the Sabbath. When we purchased our apartment at the Colony, we specifically purchased a larger apartment to accommodate our many family members that come to visit, including and especially on the Sabbath and Jewish holidays. With the danger of COVID subsiding as rates of

vaccination increase, and with the summer months approaching, we are currently unable to resume the practice of hosting our children and grandchildren for the Sabbath. Without a Sabbath elevator, my family cannot come visit only to remain confined in our *thirty-second* floor apartment all Sabbath long. The lack of the Sabbath elevator has negatively impacted our Sabbath enjoyment and ability to practice our religion collectively with family, friends, and community.

10. I, therefore, respectfully request that this Court grant Plaintiffs' application for a preliminary injunction.

11. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2021.

PAUL KURLANSKY